IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DAVID W. SHELDON,** | ) | **CASE NO. 8:06CV31** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| **UNUM LIFE INSURANCE COMPANY** | ) | |
| **OF AMERICA,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Second and Third Causes of Action pursuant to Fed. R. Civ. P. 12(b)(6). (Filing No. 8). The matter has been fully briefed. For the reasons stated below, the motion will be granted in part and denied in part.

## FACTS

The Complaint alleges the following facts. Plaintiff David Sheldon is a resident of Bellevue, Nebraska. (Filing No. 1 at 5-9 ("Complaint") ¶1). Defendant Unum Life Insurance Company of America ("Unum") is an insurance company licensed in Maine. (Complaint ¶2). Sheldon was insured by Unum under a long-term disability policy. (*Id.* ¶6). Sheldon was injured in the course and scope of his employment on November 23, 1999. (*Id.* ¶3). Sheldon filed a petition in the Nebraska Workers' Compensation Court, which resulted in an award of benefits, including indemnity payments. (*Id.* ¶4). Sheldon alleges that he is totally disabled within the meaning of the insurance policy. (*Id.*).

Unum reduced payments to Sheldon based on the indemnity payments and social security payments Sheldon received. (*Id.* ¶7). Sheldon claims this reduction in payments is in breach of the contract between Sheldon and Unum. (*Id.* ¶10). Sheldon alleges that

Unum wrote to him demanding reimbursement for overpayment caused by Sheldon's social security award. (*Id.* ¶19). The Complaint seeks recovery from Unum under theories of: 1) breach of contract; 2) improper act of offsetting; 3) violation of the Fair Debt Collection Practices Act ("FDCPA"); and 4) bad faith. Unum moves for dismissal of Sheldon's second and third causes of action pursuant to Fed. R. Civ. P. 12(b)(6).

## STANDARD OF REVIEW

In considering a motion to dismiss a complaint under Rule 12(b)(6), the court must assume all the facts alleged in the complaint are true; and must liberally construe the complaint in the light most favorable to the plaintiff. *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001); *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A Rule 12(b)(6) motion to dismiss should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Young,* 244 F.3d at 627. Thus, as a practical matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Schmedding*, 187 F.3d at 864.

## DISCUSSION

As a preliminary matter, Sheldon does not oppose dismissal of his second cause of action, improper act of offsetting; therefore, the Court grants Unum's motion with respect to Sheldon's second cause of action. (Filing No. 13 ("Opposition Brief") at 1).

The only issue remaining for the Court to address is whether Sheldon's third cause of action states a claim upon which relief can be granted. Sheldon's third cause of action alleges that Unum is a "debt collector" under the FDCPA and that Unum violated the

2

FDCPA when Unum contacted Sheldon directly rather than contacting Sheldon's counsel. (Complaint ¶¶ 21-27). Unum argues that it does not qualify as a "debt collector," and therefore, the FDCPA is inapplicable. (Filing No. 9 ("Support Brief") at 5).

The term "debt collector" for purposes of the FDCPA is defined at 15 U.S.C. § 1692a(6)[1] and includes only the following categories: "(1) persons in a business the principal purpose of which is the collection of debts, (2) persons who regularly collect or attempt to collect, directly or indirectly, debts owed or due another, and (3) creditors, who in the process of collecting their own debts, use any names which would indicate that a

---

[1] 15 U.S.C. § 1692a(6) defines "debt collector" as follows:

The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. The term does not include --

(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
(B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;
(C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties;
(D) any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt;
(E) any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors; and
(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

3

third person is collecting or attempting to collect such debts." *Kempf v. Famous Barr Co.*, 676 F. Supp. 937, 938 (E.D. Mo. 1988) (citing 15 U.S.C. § 1692a(6)).

Sheldon does not dispute that the first two categories above do not apply to Unum; however, Sheldon argues that Unum qualifies as a debt collector under the third category. (Opposition Brief at 3-4).  In support of his contention, Sheldon alleges that Unum sent several letters to Sheldon, directing him to make reimbursements for overpayments to the Financial Recovery Unit. (*Id.* at 4).  Sheldon argues that viewed from the standpoint of an unsophisticated consumer, "it is objectively reasonable that Sheldon felt that the notices of [Unum] for him to pay the Financial Recovery Unit indicated that a third party was to collect the debt of [Unum]." (*Id.* at 5).

Unum first argues that Sheldon's Complaint is insufficient because it fails to allege that Unum attempted to collect a debt using a name other than its own. (Filing No. 14 ("Reply Brief") at 2).  The Federal Rules of Civil Procedure require only that the plaintiff give the defendant fair notice of what the plaintiff's claims are and the grounds upon which the claims rest.  *See Lederman v. Cragun's Pine Beach Resort*, 247 F.3d 812, 817-818 (8th Cir. 2001) (citing Fed. R. Civ. P. 8(a)).  Construing the Complaint in the light most favorable to Sheldon and applying the liberal notice pleading standards, the Court finds that the Complaint sufficiently gave Unum notice of Sheldon's claims against it.  Moreover, the Complaint explicitly alleges that Unum is a debt collector and specifically cites 15 U.S.C. § 1692a(6), which contains the definition of the term "debt collector."  (Complaint ¶22).

Unum next argues that any correspondence from Unum directing payment to its Financial Recovery Unit does not qualify Unum as a debt collector because the term "Financial Recovery Unit" clearly denotes a subdivision of Unum.  (*Id.* at 3).  The Court

4

must use the "unsophisticated consumer standard" when evaluating whether a defendant has violated the FDCPA.  *See Strand v. Diversified Collection Service, Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (citations omitted) (stating "[a] violation of the FDCPA is reviewed utilizing the unsophisticated-consumer standard which is 'designed to protect consumers of below average sophistication or intelligence without having the standard tied to 'the very last rung on the sophistication ladder.'").  "This standard protects the uninformed or naive consumer, yet also contains an objective element of reasonableness to protect debt collectors from liability for peculiar interpretations of collection letters."  *Strand,* 380 F.3d at 317.

Because this is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court has only the Complaint before it, and the Court must construe the Complaint in the light most favorable to Sheldon.  A Rule 12(b)(6) motion to dismiss should be denied unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to relief.  It is possible that from the perspective of an unsophisticated consumer, the notices Sheldon allegedly received from Unum appeared to direct payment to a third party. *See Carlson v. Long Island Jewish Medical Center*, 378 F. Supp. 2d 128 (E.D.N.Y. 2005). Therefore, the Court finds that at this stage of the proceedings, the third cause of action sets forth sufficient allegations that Unum qualifies as a debt collector under 15 U.S.C. § 1692a(6) to preclude dismissal under Fed. R. Civ. P. 12(b)(6).

For the reasons stated above,

IT IS ORDERED:

Defendant's Motion to Dismiss Plaintiff's Second and Third Causes of Action (Filing No. 8) is granted in part and denied in part as follows:

1.	Defendant's Motion to dismiss Plaintiff's second cause of action is granted; and

2.	Defendant's Motion to dismiss Plaintiff's third cause of action is denied.

DATED this 9th day of May, 2006.

                BY THE COURT:

                s/Laurie Smith Camp
                United States District Judge