## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID W. SHELDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **8:06CV31** |
| vs. | ) | |
| | ) | **ORDER** |
| UNUM LIFE INSURANCE COMPANY | ) | |
| OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's "MOTION TO STRIKE EXPERT WITNESS DESIGNATION, OR, IN THE ALTERNATIVE, TO EXTEND TIME FOR DESIGNATION OF UNUM'S EXPERT WITNESSES" [34], defendant's "MOTION TO COMPEL DISCOVERY RESPONSES" [39], and plaintiff's response in opposition to the motions [41]. Moving counsel has complied with NECivR 7.1(i). Defendant subsequently filed a related motion [43] to extend the progression order deadlines. The plaintiff does not object to the proposed extension.

These motions involve the plaintiff's expert witness disclosures. An Initial Progression Order [20] required the parties to disclose "at least the names and addresses of all expert witnesses expected to testify for that party at trial" by September 21, 2006 (the date of the parties' Rule 16 planning conference). The Final Progression Order [31] filed on September 21, 2006 after the planning conference, required the plaintiff to serve expert witness disclosures pursuant to Fed. R. Civ. P. 26(a)(2) by November 17, 2006.

On September 18, 2006, defendant served discovery requests on the plaintiff, including an interrogatory asking that plaintiff provide information about any retained experts, including each expert's qualifications, the substance of each expert's opinions, and whether a report was prepared. Plaintiff did not timely respond to this particular interrogatory.

On November 16, 2006, plaintiff filed an "expert witness designation" [32] identifying William Cheese as "an expert witness in which Plaintiff intends to call to prove his case in

chief."  This filing contains no other information and does not comply with the requirements of Rule 26(a)(2).

Plaintiff's response to the pending motions states:

1. Plaintiff complies and answered Interrogatories and prepared and submitted the documents for Defendants Request for Production of Documents.

2. Plaintiff's counsel was unable to get the discovery documents to the Defendant in a timely manner due to Mr. Bill Cheese, who had a personal emergency and could not get his materials to Plaintiff's counsel.

3. At the time of the Progression Order, Plaintiff's counsel did not have definitive knowledge of the nature and scope with which Mr. Cheese would testify.

To date, the docket itself shows no record that the plaintiff has served any expert witness disclosures that comply with the court's progression orders or Rule 26(a)(2).  Defendant's Reply Brief [42], however, indicates that "basic discovery responses" were hand-delivered by the plaintiff on December 29, 2006 and "do include documentation regarding Plaintiff's expert."

Upon review of the file, I find that the plaintiff has not shown good cause for failing to comply with the progression order deadline requiring complete disclosures by November 17, 2006, a deadline that was set after consultation with counsel.  If plaintiff found he could not comply with the deadline due to some "personal emergency" on the part of Mr. Cheese, he could have requested an extension of the deadline for good cause.  Instead, plaintiff did not timely respond to defendant's interrogatory and did not comply with the November 17 deadline.

Plaintiff is advised that the Federal Rules of Civil Procedure, the local rules of this court, and the case progression orders filed in this case all reflect a philosophy of structured litigation and planned discovery, and require the parties to actually identify their witnesses at particular times.  Plaintiff's failure to do so, apparently without even the courtesy of a

timely explanation to opposing counsel or to the court, has resulted in litigation costs for the defendant and prevented the defendant from meeting its own deadlines.

Upon the assumption that no further irregularities will occur concerning plaintiff's expert witness disclosures, the court declines to strike plaintiff's expert witness at this time.

**IT IS ORDERED:**

1.    Defendant's "MOTION TO STRIKE EXPERT WITNESS DESIGNATION, OR, IN THE ALTERNATIVE, TO EXTEND TIME FOR DESIGNATION OF UNUM'S EXPERT WITNESSES" [34] is granted in part, in that defendant will be given an extension of time to designate its expert witnesses.

2.    Defendant's "MOTION TO COMPEL DISCOVERY RESPONSES" [39] is granted in that plaintiff did not respond to the discovery requests at issue until after the defendant filed a discovery motion.  **Defendant retains the right to object to the sufficiency of plaintiff's discovery responses and expert witness disclosure and shall do so, if necessary, as soon as is practicable.**

3.    Defendant's unopposed Motion to extend the progression order deadlines [31] is granted.  An amended final progression order will be entered separately.

4.    No later than **March 1, 2007**, plaintiff shall electronically file a "Response" to this order, showing cause why the defendant should not be awarded reasonable costs and attorney's fees incurred in bringing its discovery motions, in accordance with Fed. R. Civ. P. 37(a)(4)(A).

**DATED February 12, 2007.**

> **BY THE COURT:**
>
> **s/ F.A. Gossett**
> **United States Magistrate Judge**